UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.:

BPI SPORTS, LLC, a Florida limited liability
company,

       Plaintiff,

v.

SAME DAY DISTRIBUTORS, INC., a New
York corporation,

       Defendants.

## **COMPLAINT**

Plaintiff, BPI Sports LLC, a Florida limited liability company ("BPI"), sues Defendant,

Same Day Distributors, Inc., a New York corporation ("SDD") and alleges:

### **Nature of the Action**

1.  This is an action for trademark infringement pursuant to 15 U.S.C. §1114(1)(a), unfair

competition and misleading advertising pursuant to 15 U.S.C. §1125(a), and tortious interference

with an advantageous business relationship.

### **Parties, Jurisdiction and Venue**

2.  BPI is a Florida limited liability company organized and existing under the laws of the

State of Florida, with its principal place of business located in Hollywood, Broward County,

Florida.

3.  BPI is a manufacturer and distributer of sports nutrition supplements ("BPI Product(s)").

4.  SDD is a New York corporation organized and existing under the laws of the State of New

York, with its principal place of business located in West Babylon, New York.

5.   SDD is a reseller of nutritional supplements, and an unauthorized reseller of BPI Products on www.amazon.com ("Amazon").

6.   Amazon is a popular e-commerce website that is widely recognized as the most valuable retailer in the United States with 100 million subscribers worldwide, which seeks out consumers nationwide, including within this district, and this Court has jurisdiction over SDD because of its systematic and continuous connections and contacts within this district.

7.   SDD also operates a website, www.samedaysupplements.com, which seeks out consumers nationwide, including within this district, and this Court has jurisdiction over SDD because of its systematic and continuous connections and contacts within this district.

8.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question jurisdiction), 28 U.S.C. §1338 (acts of congress related to trademarks), 15 U.S.C. §1121(a)(district and territorial courts of the United States have original and appellate jurisdiction of all actions arising under this chapter) and 28 U.S.C. §1332 (diversity of citizenship because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs).

9.   This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over BPI's claims that arise under the laws of the State of Florida.

10. Pursuant to section 48.193(l)(a), Florida Statutes, SDD committed tortious acts within the State of Florida, thus submitting SDD to the personal jurisdiction of the State of Florida.

11. Moreover, this Court has personal jurisdiction over SDD based upon SDD's systematic and ongoing advertising and sale of BPI Products online without BPI's authorization.   This unauthorized online advertising and sale of BPI Products are consistently viewed by BPI customers

residing in Florida and shopping on Amazon and/or www.samedaysupplements.com, as BPI is a Florida-based company that is widely popular in the Florida region.

### Factual Background

12. BPI is a sports nutrition company that is engaged in the business of manufacturing, selling, distributing and marketing various dietary and nutritional supplements, sports nutrition products, other products and related goods.

13. BPI has expended substantial resources to develop, promote, brand, market, sell, and maintain the quality of its products.

14. To protect the BPI brand and prevent consumer confusion, BPI has secured a number of trademarks relating to its business (collectively, the "BPI Trademarks").[1]

15. Only BPI Product sellers expressly authorized by BPI Sports are permitted to sell BPI Products ("Authorized Sellers").

16. Authorized Sellers are prohibited from selling BPI products on Amazon, eBay, and other websites without the prior written consent of BPI.

17. In choosing its Authorized Sellers, BPI vets the potential seller and then enters into a variety of written agreements with the Authorized Seller (collectively, "BPI Product Sale Agreements").[2]

---

[2] [1] The BPI Trademarks include, but are not limited to: BPI SPORTS® (U.S. Trademark Registration No. 4,567,237); BEST AMINOS W/ENERGY® (U.S. Trademark Registration No. 5,102,163); ISO-HD® (U.S. Trademark Registration No. 4,957,202); BE BETTER. BE STRONGER. BPI® (U.S. Trademark Registration No. 4,906,209); WHEY-HD® (U.S. Trademark Registration No. 4,786,411); BEST BCAA® (U.S. Trademark Registration No. 4,762,247); PRO-HD® (U.S. Trademark Registration No. 4,724,466); PH SORB BUFFERING TECHNOLOGY® (U.S. Trademark Registration No. 4,818,335); SONIC® (U.S. Trademark Registration No. 4,735,863); NITE-BURN® (U.S. Registration Nos. 4,569,341); ANABOLIC ELITE® (U.S. Registration No. 4,440,344); KETO XT® (U.S. Registration No. 4,388,224); STIM 10® (U.S. Registration No. 4,387,623); EXT® (U.S. Registration No. 4,493,557); STIM- ELITE® (U.S. Registration No. 4,456,311); PUMP-HD® (U.S. Registration No. 4,456,290); GRP-HD® (U.S. Registration No. 4,397,534); BUILD-HD® (U.S. Registration No. 4,3397,235); GRP6® (U.S. Registration No. 4,355,030); BPI® (U.S. Registration No. 4,252,316); and ROXYLEAN® (U.S. Registration No. 4,046,571).
[2] The BPI Product Sale Agreements include, but are not limited to: BPI Sports, LLC Distributor Agreement, BPI Sports, LLC Authorized Reseller Policy, BPI Sports, LLC Authorized Reseller Purchase Terms and Conditions,

18. Pursuant to specific terms and conditions of the BPI Product Sales Agreements:

   a. Authorized Sellers are not permitted to sell BPI Sports products on or through any website other than a permissible website without the prior written consent of BPI;

   b. Authorized Sellers are required to sell products only in certain channels and to abide by BPI agreements, policies, and procedures (collectively, the "BPI Rules");

   c. The BPI Rules restrict the manner in which Authorized Sellers may sell BPI Products;

   d. Pursuant to the BPI Rules, BPI Sellers are permitted to sell BPI Products only to individuals or entities designated by BPI (collectively, "Authorized Resellers") who adhere to the applicable BPI Rules and/or to end-user customers; and

   e. Authorized Resellers sellers are prohibited from selling BPI Products to any person or entity for resale and may not sell BPI Products to anyone in a quantity intended for a purpose other than for individual or personal use.

19. By limiting authorized sales to Authorized Sellers who are required to follow the BPI Rules, BPI is able to ensure the safety, well-being, and satisfaction of consumers, and to maintain the integrity and reputation of the BPI Trademarks and BPI brand.

20. Moreover, BPI imposes quality controls that are unique to genuine BPI Products, including, but not limited to, requiring Authorized Sellers to: inspect all products for damages, defects, evidence of tampering or other non-conformance, to confirm that product seals have not been broken, and to report defects to BPI; inspect inventory regularly for expired or soon-to-be expired products and remove them from their inventory; not sell expired products; store products under specific conditions and guidelines designed to ensure quality; sell the products in their original,

---

BPI Sports, LLC Authorized Retailer Purchase Terms and Conditions, BPI Sports, LLC Retailer Policy, and BPI Authorized Online Reseller Application and Agreement.

unaltered packaging, with all seals intact; not relabel, repackage, or otherwise alter BPI Products or their packaging; not tamper with, deface, or otherwise alter serial numbers, lot or batch codes, or other identifying information on products or packaging; not remove, translate, or modify the contents of any label or literature on or accompanying the products; and comply with all laws, rules, regulations, and policies which relate to the sale, advertising, and marketing of BPI Products (collectively, "BPI Quality Controls").

21. In addition to BPI Quality Controls, Authorized Sellers are required to cooperate with all recall and other consumer safety information dissemination efforts ("Consumer Safety Requirements").

22. Through its website (www.bpisports.com), BPI provides customer support to customers who purchase through BPI directly, or through Authorized Sellers or Authorized Resellers ("Customer Support").

23. In conjunction with such Customer Support, Authorized Sellers are required to: provide personal services to end-user customers concurrently with and after their sales; be able to accurately describe, demonstrate and sell each BPI Product; be available to supply ongoing support to their customers following a sale; and to promptly respond to end-user consumers' inquiries.

24. Through its website (www.bpisports.com), BPI also provides a 30 day money back guarantee and satisfaction guarantee as to its BPI Products.

25. In addition to the above measures BPI undertakes to protect the integrity of the BPI Trademarks, BPI Products and related marketing and sales services, the Terms of Use section of BPI's website (www.bpisports.com) indicates, *inter alia*, the following:

**Intellectual Property, Software and Content**

The intellectual property rights in all software and content (including photographic images) made available to you on or through this Website remains the property of

http://Bpisports.com or its licensors and are protected by copyright laws and treaties around the world. All such rights are reserved by http://Bpisports.com and its licensors. You may store, print and display the content supplied solely for your own personal use. You are not permitted to publish, manipulate, distribute or otherwise reproduce, in any format, any of the content or copies of the content supplied to you or which appears on this Website nor may you use any such content in connection with any business or commercial enterprise.

26. Based upon all of the above factors, BPI Products are uniquely marketed and sold in a manner that ensures BPI's end-user customers receive a product in line with BPI's high standards of product quality, customer service and consumer protection ("Customer Benefits").

27. These Customer Benefits are valuable to BPI and are an integral component of the BPI Trademarks and BPI brand.

### SDD's Unauthorized Resale of BPI Products

28. Defendant, SDD, is currently reselling BPI Products through Amazon, as evidenced by the screenshots attached as **Composite Exhibit A**.

29. Defendant, SDD, was reselling BPI Products through its website, www.samedaysupplements.com, but then removed BPI Products from its website the morning of January 11, 2019.  Multiple screenshots evidencing SDD's marketing and resale of BPI Products on www.samedaysupplements.com up until the morning of January 11, 2019 are attached as **Composite Exhibit B.**  This composite exhibit includes one screenshot viewed approximately one hour prior to SDD removing BPI Products from its website**.**

30. SDD is reselling BPI Products on Amazon without BPI's authorization.

31. Up until the morning of January 11, 2019, SDD was reselling BPI Products on its website without BPI's authorization.

32. On its website, www.samedaysupplements.com, SDD was marketing and re-selling BPI Products through the use of BPI Trademarks and BPI's website's content and photographs, but without BPI's permission to use such intellectual property of BPI.

33. Attached as **Composite Exhibit C** is one example of SDD's use of BPI Trademarks, BPI's website's content and photographs for commercial business purposes despite the fact that SDD never obtained BPI's permission to use BPI's intellectual property.  This is only one example, as in most all instances leading up to the morning of January 11, 2019, SDD was marketing and reselling BPI Products on its website through the unauthorized use of BPI Trademarks,  BPI's website's content and photographs.

34. Moreover, SDD is reselling BPI Products on Amazon, and was reselling BPI products on www.samedaysupplements.com, in the following manner:

     a.   without any BPI Quality Controls in place;

     b.   without adequate concern for BPI's Consumer Safety Requirements;

     c.   without adequate BPI Customer Support;

     d.   without BPI's 30 day money back guarantee; and

     e.   without BPI's satisfaction guarantee.

35. As a result of the foregoing, SDD has been reselling BPI Products to end-user consumers without the Customer Benefits that consumers normally enjoy and expect when purchasing BPI Products through BPI directly, or Authorized Sellers or Authorized Resellers of BPI Products.

36. Consumers who purchase BPI Products through SDD's website (www.samedaysupplements.com) are purchasing materially different BPI Products, as those consumers are not able to experience the Customer Benefits that are customary with BPI Products purchased from Authorized Sellers or Authorized Resellers.

37. BPI representatives recently contacted a putative representative of SDD and requested that SDD cease the unauthorized resale of BPI Products and unauthorized use of BPI's Trademarks, BPI's website content and photographs.  However these demands were disregard or ignored by SDD until SDD removed BPI Products from www.samedaysupplements.com.  However, SDD continues to resell BPI Products on Amazon, and BPI has no binding agreement or other assurance from SDD that it will not restart its reselling of BPI Products on www.samedaysupplements.com. in the future

38. All conditions precedent to the institution of this action have occurred, been performed, waived or otherwise satisfied.

39. BPI has engaged the law firm of Krinzman, Huss Lubetsky, Feldman & Hotte to bring the above styled action and agreed to pay its attorneys a reasonable fee for their services.

### Count I
### Trademark Infringement Pursuant to 15 U.S.C. §1114(1)(a)

40. BPI re-alleges paragraphs 1 through 39.

41. In addition to BPI's intellectual property rights as a result of its registration of the BPI Trademarks, SDD was provided notice of such rights as a result of the Terms of Use within BPI's website, www.bpisports.com, indicating that the BPI content and photographs contained within its website are not to be used for commercial purposes.

42. SDD's unauthorized use of BPI Trademarks, BPI's website content and website photographs to resell BPI Products on SDD's website, www.samedaysupplements.com, constitutes trademark infringement pursuant to 15 U.S.C. §1114(1)(a).

43. By using the Amazon forum to resell BPI's Products, SDD is using BPI Trademarks, BPI's website content and website photographs to resell BPI Products without BPI's permission, which also constitutes trademark infringement pursuant to 15 U.S.C. §1114(1)(a).

44. BPI's end-user customers expect to purchase BPI Products along with all of the Customer Benefits, including, but not limited to, BPI Quality Controls, Consumer Safety Requirements, Customer Support, a 30 day money back guarantee, and a satisfaction guarantee.

45. SDD's unauthorized marketing and reselling of BPI Products without providing SDD's customers these vital Customer Benefits is likely to cause confusion, mistake or deceive consumers of BPI Products, and therefore constitutes trademark infringement pursuant to 15 U.S.C. §1114(1)(a).

46. Pursuant to 15 U.S.C. §1117, BPI is entitled to recover from SDD the damages sustained as a result of SDD's actions in violation of the Lanham Act, §32(1)(a).

47. Pursuant to 15 U.S.C. § 1117, BPI is entitled to recover the costs of this action. Additionally, upon information and belief, BPI believes that SDD's conduct was undertaken willfully and with the intention of causing confusion, mistake, or deception, entitling BPI to recover additional damages and reasonable attorneys' fees.

WHEREFORE, Plaintiff, BPI Sports, LLC, respectfully requests that this Court enter judgment in its favor and against Defendant, Same Day Distributors, Inc., as follows:

a. Providing preliminary and permanent injunctive relief prohibiting Same Day Distributors, Inc., its agents, or anyone working for, in concert with or on behalf of Same Day Distributors, Inc. from engaging in the marketing and resale of BPI Products without the express written permission of BPI and/or violating Lanham Act § 32(1)(a) [15 U.S.C. §1114(1)(a)], which relief includes, but is not limited to, removing itself as a reseller of BPI Products on Amazon, and refraining from ever participating in future reselling of BPI Trademarks, BPI Sports, LLC's website content and BPI Sports LLC's website photographs from its website, www.samedaysupplements.com, and enjoining Same Day Distributors, Inc. from continuing to

market and resell BPI Products on Amazon, www.samedaysupplements.com, or any other website, without the express, written permission of BPI Sports, LLC;

b.  Finding that Same Day Distributors, Inc. has violated 15 U.S.C. §1114(1)(a) by unfairly marketing and reselling BPI Products without BPI Sports, LLC's vital Customer Benefits, including, but not limited to, BPI Quality Controls, Consumer Safety Requirements, Customer Support, a 30 day money back guarantee and a satisfaction guarantee;

c.  That Same Day Distributors, Inc. be directed to file with this Court, and serve on BPI Sports, LLC within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which Same Day Distributors, Inc. has complied with the injunction pursuant to 15 U.S.C. § 1116;

d.  Awarding BPI Sports, LLC damages sustained as a result of Same Day Distributors, Inc.'s conduct pursuant to 15 U.S.C. § 1117, including pre-judgment and post-judgment interest herein;

e.  That Same Day Distributors, Inc. be ordered to account for and pay to BPI any and all profits derived by Same Day Distributors, Inc. as a consequence of the actions of Same Day Distributors, Inc. complained of herein pursuant to 15 U.S.C. § 1117;

f.  Awarding BPI Sports, LLC treble damages or profits, whichever is greater, prejudgment interest and post-judgment interest, pursuant to 15 U.S.C. § 1117 for Same Day Distributors, Inc.'s willful infringement of BPI's trademark rights;

g.  Awarding BPI Sports, LLC its costs and reasonable attorneys' fees; and

h.  Such other and further relief as this Court deems just and proper.

**Count II**
**Unfair Competition and Misleading Advertising Pursuant to 15 U.S.C. §1125(a)**

48. BPI re-alleges paragraphs 1 through 39.

49. In addition to BPI's intellectual property rights as a result of its registration of the BPI Trademarks, SDD was provided notice of such rights as a result of the Terms of Use within BPI's website, www.bpisports.com, indicating that the BPI content and photographs contained within its website are not to be used for commercial purposes.

50. SDD's unauthorized use of BPI Trademarks, BPI's website content and website photographs to resell BPI Products on SDD's website, www.samedaysupplements.com, constitutes unfair competition and misleading advertising pursuant to 15 U.S.C. §1125(a).

51. By using the Amazon forum to resell BPI Products, SDD is using BPI Trademarks, BPI's website content and website photographs to resell BPI Products without BPI's permission, which also constitutes unfair competition and misleading advertising pursuant to 15 U.S.C. §1125(a).

52. BPI's end-user customers expect to purchase BPI Products along with all of the Customer Benefits, including, but not limited to, BPI Quality Controls, Consumer Safety Requirements, Customer Support, a 30 day money back guarantee, and a satisfaction guarantee.

53. SDD's unauthorized marketing and reselling of BPI Products without providing SDD's customers these vital Customer Benefits is likely to cause confusion, mistake or deceive consumers of BPI Products, and therefore constitutes unfair competition and misleading advertising pursuant to 15 U.S.C. §1125(a).

54. Pursuant to 15 U.S.C. §1117, BPI is entitled to recover from SDD the damages sustained as a result of SDD's actions in violation of the Lanham Act, §43(a).

55. Pursuant to 15 U.S.C. § 1117, BPI is entitled to recover the costs of this action. Additionally, upon information and belief, BPI believes that SDD's conduct was undertaken

willfully and with the intention of causing confusion, mistake, or deception, entitling BPI to recover additional damages and reasonable attorneys' fees.

WHEREFORE, Plaintiff, BPI Sports, LLC, respectfully requests that this Court enter judgment in its favor and against Defendant, Same Day Distributors, Inc., as follows:

a.      Providing preliminary and permanent injunctive relief prohibiting Same Day Distributors, Inc., its agents, or anyone working for, in concert with or on behalf of Same Day Distributors, Inc. from engaging in the marketing and resale of BPI Products without the express written permission of BPI and/or violating Lanham Act § 43(a) [15 U.S.C. §1125(a)], which relief includes, but is not limited to, removing itself as a reseller of BPI Products on Amazon, and refraining from ever participating in future reselling of BPI Trademarks, BPI Sports, LLC's website content and BPI Sports LLC's website photographs from its website, www.samedaysupplements.com, and enjoining Same Day Distributors, Inc. from continuing to market and resell BPI Products on Amazon,  www.samedaysupplements.com, or any other website, without the express, written permission of BPI Sports, LLC;

b.      Finding that Same Day Distributors, Inc. has violated 15 U.S.C. §1125(a) by unfairly marketing and reselling BPI Products without BPI Sports, LLC's vital Customer Benefits, including, but not limited to, BPI Quality Controls, Consumer Safety Requirements, Customer Support, a 30 day money back guarantee and a satisfaction guarantee;

c.      That Same Day Distributors, Inc. be directed to file with this Court, and serve on BPI Sports, LLC within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which Same Day Distributors, Inc. has complied with the injunction pursuant to 15 U.S.C. § 1116;

d.      Awarding BPI Sports, LLC damages sustained as a result of Same Day Distributors, Inc.'s conduct pursuant to 15 U.S.C. § 1117, including pre-judgment and post-judgment interest herein;

e.      That Same Day Distributors, Inc. be ordered to account for and pay to BPI any and all profits derived by Same Day Distributors, Inc. as a consequence of the actions of Same Day Distributors, Inc. complained of herein pursuant to 15 U.S.C. § 1117;

f.      Awarding BPI Sports, LLC additional damages, prejudgment interest and post-judgment interest, pursuant to 15 U.S.C. § 1117 for Same Day Distributors, Inc.'s willful, unfair competition and misleading advertising;

g.      Awarding BPI Sports, LLC its costs and reasonable attorneys' fees; and

h.      Such other and further relief as this Court deems just and proper.

**Count III**
**Tortious Interference with an Advantageous Business Relationship**

56. BPI re-alleges paragraphs 1 through 39.

57. Upon information and belief, SDD is, or at least was, purchasing BPI Products from Authorized Seller(s) of BPI Products, and then SDD is, or at least was, reselling the BPI Products through Amazon and its website, www.samedaysupplements.com.

58. SDD is, or at least was, reselling BPI Products without consulting with BPI or otherwise obtaining the permission of BPI to resell BPI Products.

59. BPI's Authorized Sellers are permitted, *inter alia*, to sell BPI Products only to BPI Authorized Resellers, who adhere to the applicable BPI Rules or to end-user customers.

60. By limiting authorized sales to Authorized Sellers who are required to follow the BPI Rules, BPI is able to ensure the safety, well-being, and satisfaction of consumers, and to maintain the integrity and reputation of the BPI Trademarks and BPI brand.

61. SDD, by engaging in the conduct described above, and with knowledge of the business relationships existing between BPI, its Authorized Sellers, and BPI's end-user customers, has tortiously interfered with such relationships.

62.  SDD's conduct is and/or was willful, intentional and unprivileged and has caused and is causing and/or was causing irreparable harm, as described above, and monetary damages to BPI.

63. Absent an injunction restraining SDD from further unlawful conduct, BPI is faced with continued irreparable harm.

64. BPI is likely to succeed on the merits of its claims.

65. Greater injury will result to BPI if injunctive relief is denied, than to SDD if injunctive relief is granted.

66. Injunctive relief is in the public interest.

67. BPI has no adequate remedy at law.


[SPACE INTENTIONALLY LEFT BLANK]

WHEREFORE, Plaintiff, BPI Sports, LLC, requests that this Court enter a judgment:

a.      Enjoining Same Day Distributors, Inc. from purchasing, marketing and reselling BPI Products without the express, written consent of BPI Sports, LLC.

b.      Awarding BPI Sports, LLC damages, including, but not limited to, compensatory and exemplary damages, in an amount to be proved at trial, together with costs, fees and interest;

c.      Granting such other and further relief as this Court may deem necessary and appropriate; and retaining jurisdiction to enforce the terms of the injunction entered against Same Day Distributors, Inc.

Dated this 11th day of January, 2019.

KRINZMAN, HUSS & LUBETSKY,
FELDMAN & HOTTE
*Counsel for Plaintiff*
800 Brickell Avenue, Suite 1501
Miami, FL 33131
Telephone:      (305) 854-9700
Fax:            (305) 854-0508
E-mail:         cal@khllaw.com
                jjs@khllaw.com
Secondary:      eservicemia@khllaw.com
eservicefll@khllaw.com

By:  ___ */s/ Cary A. Lubetsky* _____
Cary A. Lubetsky, Esquire
Florida Bar No. 961360
Email: cal@khllaw.com
Joshua J. Shore, Esq.
Florida Bar No. 712124
Email: jjs@khllaw.com